UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN RICHMOND
201 Swanton Road
Apartment #3
Madison, WI 53714

        Plaintiff,

vs.

Case No.   15-cv-9

EPIC SYSTEMS CORPORATION
EMPLOYEE BENEFITS PLAN
Registered Agent:
Epic Systems Corporation
Attention: Human Resources Department
1979 Milky Way
Verona, WI 53593

and

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
Registered Agent:
CT Corporation System
8020 Excelsior Drive, Suite 200
Madison, WI 53717

        Defendants.

## COMPLAINT

The Plaintiff, Steven Richmond by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Madison, Wisconsin.

2. Defendant, Epic Systems Corporation Employee Benefits Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, which provides both short term disability insurance ("STDI") and long term disability insurance ("LTDI") benefits to certain qualified Epic employees.

3. Defendant, The Prudential Insurance Company of America ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of New Jersey, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover STDI and LTDI benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7.     Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

8.     During the course of Plaintiff's employment with Epic Systems Corporation, Plaintiff became eligible for certain employee benefits, including STDI and LTDI benefits provided by the Plan.

9.     From December 2, 2013 until December 20, 2013, Defendants approved Plaintiff's claim for STDI benefits. These benefits were approved in the amount of $1,962 every two weeks.

10.     Defendants have denied Plaintiff's STDI benefits claim beyond December 20, 2013.

11.     As a result of Defendants' denial of Plaintiff's STDI benefit claim, he effectively was denied LTDI benefits. Had those LTDI benefit been properly approved, Plaintiff would have received $4,250 per month as of February 23, 2014.

12.     Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

13.     Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

14.     Plaintiff submitted all information requested by the Defendants.

15.     Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

16. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

17. Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

18. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect his claim and an explanation of why that material was necessary.

19. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

20. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

21. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

22. Defendants conducted a selective review of Plaintiff's medical records.

23. Defendants failed to adequately assess Plaintiff's employability before determining that he is not sufficiently disabled to qualify for benefits.

24. Since May 2014, the Social Security Administration approved Plaintiff for Social Security-Disability Insurance benefits in the amount of $807 per month.

25. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute his claim for LTDI benefits.

26. Defendants have offset Plaintiff's LTDI benefits by the amount that Plaintiff received in SSDI benefits.

27. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

28. At all times material to this case, the Plan has remained in full force and effect.

29. Defendants' denial of LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

30. The preceding paragraphs are reincorporated by reference as though set forth here in full.

31. Since at least December 20, 2013, Plaintiff has been disabled, as that term is defined by the Plan.

32. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

33. Defendants wrongfully denied STDI benefits due to Plaintiff as of December 20, 2013 and effectively denied his claim for LTDI benefits.

34. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

35. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

37. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

38. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendants have relied on Plaintiff's SSDI award in instances when it benefited Defendants but have unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

39. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

40. For these and other reasons, Defendants acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Steven Richmond, demands judgment from the Defendants for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: January 7, 2015

                              **HAWKS QUINDEL, S.C.**

                    By: * /s/ William E. Parsons*
                          William E. Parsons, State Bar No. 1048594
                          Email: wparsons@hq-law.com
                          Danielle M. Schroder, State Bar No. 1079870
                          Email: dschroder@hq-law.com
                          222 West Washington Avenue, Suite 450
                          Post Office Box 2155
                          Madison, Wisconsin 53701-2155
                          Telephone: 608/257-0040
                          Facsimile: 608/256-0236

                          Attorneys for Plaintiff, Steven Richmond