UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN RICHMOND
201 Swanton road
Apartment #3
Madison, WI 53714,

Plaintiff,

v.

Case No. 15-cv-9

EPIC SYSTEMS CORPORATION
EMPLOYEE BENEFITS PLAN
Registered Agent:
Epic Systems Corporation
Attention: Human Resources Department
1979 Milky Way
Verona, WI 53593

and

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
Registered Agent:
CT Corporation System
8020 Excelsior Drive, Suite 200
Madison, WI 53717,

Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendants, and EPIC SYSTEMS CORPORATION EMPLOYEE BENEFITS PLAN ("the plan") and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") by and through its attorneys Seyfarth Shaw LLP, and for their Answer to Plaintiff's Complaint, state as follows:

## PARTIES

**COMPLAINT ¶1:**

Plaintiff is an adult resident of the State of Wisconsin and currently resides in Madison, Wisconsin.

**ANSWER:**

Based on information and belief, Defendants admit the allegations in Complaint Paragraph No. 1.

**COMPLAINT ¶2:**

Defendant, Epic Systems Corporation Employee Benefits Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, which provides both short term disability insurance ("STDI") and long term disability insurance ("LTDI") benefits to certain qualified Epic employees.

**ANSWER:**

Defendants admit that the plan is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended. Defendants further admit that the plan provides short-term and long-term disability benefits to certain qualified participants in the plan. Defendants deny the remaining allegations in Complaint Paragraph No. 2.

**COMPLAINT ¶3:**

Defendant, The Prudential Insurance Company of America ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of New Jersey, licensed to do business in Wisconsin.

**ANSWER:**

Defendants admit the allegations in Complaint Paragraph No. 3.

## JURISDICTION & VENUE

**COMPLAINT ¶4:**

As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover STDI and LTDI benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action pursuant to ERISA §502(a)(1)(b). Defendants admit that at certain times Plaintiff was a participant in an employee welfare benefit plan governed by ERISA. Defendants deny the remaining allegations in Complaint Paragraph No. 4.

**COMPLAINT ¶5:**

Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

**ANSWER:**

Defendants admit that this Court has jurisdiction over the subject matter of this action. Defendants deny the remaining allegations in Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

**ANSWER:**

For purposes of this case only, Defendants admit that venue is proper in the Western District of Wisconsin. Defendants deny the remaining allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

**ANSWER:**

Defendants admit that Plaintiff has exhausted his administrative remedies under the plan as to his claim for benefits at issue in this case. Defendants deny the remaining allegations in Complaint Paragraph No. 7.

## FACTS

**COMPLAINT ¶8:**

During the course of Plaintiffs employment with Epic Systems Corporation, Plaintiff became eligible for certain employee benefits, including STDI and LTDI benefits provided by the Plan.

**ANSWER:**

Defendants admit that at certain times Plaintiff was a participant in the plan. Defendants deny the remaining allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

From December 2, 2013 until December 20, 2013, Defendants approved Plaintiffs claim for STDI benefits. These benefits were approved in the amount of $1,962 every two weeks.

**ANSWER:**

Defendants admit that, from December 2, 2013 through December 20, 2013, Plaintiff received short-term disability benefits under the plan in the amount of $1,962 every two weeks. Defendants deny the remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

Defendants have denied Plaintiffs STDI benefits claim beyond December 20, 2013.

**ANSWER:**

Defendants admit the allegations in Complaint Paragraph No. 10.

**COMPLAINT ¶11:**

As a result of Defendants' denial of Plaintiffs STDI benefit claim, he effectively was denied LTDI benefits. Had those LTDI benefit been properly approved, Plaintiff would have received $4,250 per month as of February 23, 2014.

**ANSWER:**

Defendants admit that Plaintiff's claim for long-term disability benefits was denied. Defendants deny the remaining allegations in Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

**ANSWER:**

Defendants admit the allegations in Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

**ANSWER:**

Defendants admit that Plaintiff submitted certain medical documentation as part of his appeal. Defendants deny the remaining allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

Plaintiff submitted all information requested by the Defendants.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 14.

**COMPLAINT ¶15:**

Defendants failed to consider the issues raised in Plaintiffs administrative appeals.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 16.

**COMPLAINT ¶17:**

Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 17.

**COMPLAINT ¶18:**

Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect his claim and an explanation of why that material was necessary.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 18.

**COMPLAINT ¶19:**

Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

Defendants failed to engage in a meaningful dialogue with the Plaintiff.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 20.

**COMPLAINT ¶21:**

Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 21.

**COMPLAINT ¶22:**

Defendants conducted a selective review of Plaintiffs medical records.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

Defendants failed to adequately assess Plaintiff's employability before determining that he is not sufficiently disabled to qualify for benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

Since May 2014, the Social Security Administration approved Plaintiff for Social Security-Disability Insurance benefits in the amount of $807 per month.

**ANSWER:**

Defendants admit that the Social Security Administration approved Plaintiff's claim for Social Security Disability Insurance benefits. Defendants deny the remaining allegations in Complaint Paragraph No. 24.

**COMPLAINT ¶25:**

The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute his claim for LTDI benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 25.

**COMPLAINT ¶26:**

Defendants have offset Plaintiffs LTDI benefits by the amount that Plaintiff received in SSDI benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 26.

**COMPLAINT ¶27:**

At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 27.

**COMPLAINT ¶28:**

At all times material to this case, the Plan has remained in full force and effect.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all times material." Defendants admit that at certain times the plan was in effect. Defendants deny the remaining allegations in Complaint Paragraph No. 28.

**COMPLAINT ¶29:**

Defendants' denial of LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 29.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA**

**COMPLAINT ¶30:**

The preceding paragraphs are reincorporated by reference as though set forth here in full.

**ANSWER:**

Defendants repeat and reallege their answers to the allegations set forth in the foregoing paragraphs and incorporate the same as if fully set forth herein.

**COMPLAINT ¶31:**

Since at least December 20, 2013, Plaintiff has been disabled, as that term is defined by the Plan.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 31.

**COMPLAINT ¶32:**

Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 32.

**COMPLAINT ¶33:**

Defendants wrongfully denied STDI benefits due to Plaintiff as of December 20, 2013 and effectively denied his claim for LTDI benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 33.

**COMPLAINT ¶34:**

Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 34.

**COMPLAINT ¶35:**

Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 35.

**COMPLAINT ¶36:**

Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 36.

**COMPLAINT ¶37:**

As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 37.

**COMPLAINT ¶38:**

The Plan provides for the offsetting of Plaintiffs SSDI benefits against Plaintiffs LTDI benefits. As such, Defendants have relied on Plaintiffs SSDI award in instances when it benefited Defendants but have unreasonably ignored Plaintiffs SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

**ANSWER:**

Defendants admit that the plan provides that certain sources of income are deductible from LTD benefits, including SSDI benefits in certain circumstances. Defendants deny the allegations in Complaint Paragraph No. 38.

**COMPLAINT ¶39:**

Defendants' denial of Plaintiffs LTDI benefits was "downright unreasonable."

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 39.

**COMPLAINT ¶40:**

For these and other reasons, Defendants acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiffs claim for LTD benefits.

**ANSWER:**

Defendants deny the allegations in Complaint Paragraph No. 40.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to their denials and other statements of their pleadings, Defendants allege the following affirmative and additional defenses:

1. The decision to reject Plaintiff's claim for benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard.

2. The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim under the plan.

3. Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

4. Any benefits due under the plan are subject to offset, integration, or other deduction or adjustment in accordance with the plan's terms.

5. There is no vesting of benefits under the plan, and thus Plaintiff may not recover the benefits for a future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6. Plaintiff seeks benefits that are not provided under the plan.

**WHEREFORE**, Defendants EPIC SYSTEMS CORPORATION EMPLOYEE BENEFITS PLAN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA respectfully request that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and enter judgment on Defendants' behalf, and award Defendants with any such other relief as the Court deems just and proper.

**DATED: February 12, 2015**

Respectfully submitted,

EPIC SYSTEMS CORPORATION EMPLOYEE BENEFITS PLAN AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

By: s/Megan E. Troy
Megan E. Troy
One of Its Attorneys

Amanda A. Sonneborn
asonneborn@seyfarth.com
Megan E. Troy
mtroy@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT** to be served upon the following through the court's electronic case filing system on this 12th day of February, 2015:

HAWKS QUINDEL, S.C.
William E. Parsons, State Bar No. 1048594
Danielle M. Schroder, State Bar No. 1079870
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155

s/Megan E. Troy

Megan E. Troy